IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 02-RB-2186 (MJW)

CHANTEL HOVE,

    Plaintiff,

v.

FERRELLGAS INC., and JAMES DEMPSEY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 20 2003

JAMES R. MANSPEAKER
                CLERK

## ORDER DENYING MOTION TO COMPEL ARBITRATION

**Blackburn, J**

    This matter is before me on defendant Ferrellgas' Motion to Compel Arbitration and Stay Proceedings [# 2], filed November 21, 2002. Plaintiff Chantel Hove and defendant James Dempsey both have filed responses objecting to arbitration of the plaintiff's claims, and Ferrellgas has filed replies. For the reasons discussed below, the motion is denied.

    Hove asserts four claims in her Complaint. Her claims all revolve around her employment with Ferrellgas. Dempsey was Hove's supervisor when she worked for Ferrellgas. Hove alleges that Dempsey committed various acts of sexual harassment and discrimination against her while he was acting as her supervisor. These actions, and Ferrellgas' alleged failure to investigate and prevent Dempsey's abuse, are the bases for Hove's claims. In her first and second claims for relief, Hove alleges claims of sex discrimination in violation of Title VII against Ferrellgas. In her third claim for relief, she alleges a claim for outrageous conduct against both Ferrellgas and

EXHIBIT 17

Dempsey. In her fourth claim for relief, she alleges a claim of intentional interference with contract and/or prospective business advantage against Dempsey.

When Hove and Dempsey began their employment with Ferrellgas, they both signed employee agreements. *Ferrellgas' reply to Dempsey's objection*, Exhibits A and B. In large part, these agreements concern protection of Ferrellgas' confidential business information, although a variety of other terms are contained in the agreements. Paragraph 20 of both agreements contains an arbitration provision which reads as follows:

> Any dispute (whether the dispute sounds in contract, tort, or otherwise) arising out of or relating to this Agreement or its breach, or the employment relationship of the parties, except injunctive relief to preserve the status quo, shall be fully and finally settled by binding arbitration conducted expeditiously in accordance with this paragraph, the United States Arbitration Act (to the exclusion of any provisions of state law inconsistent with the Act or which would produce a different result), and the Center for Public Resources Rules for Non-Administered Arbitration of Business Disputes (1989) by three independent and impartial arbitrators. Each party shall appoint one arbitrator, and the third arbitrator must be an attorney. The arbitration shall take place in the state in which the Ferrellgas location is found. Any court having jurisdiction may enter judgment upon the arbitration award. Ferrellgas reserves the right to change the arbitration facility (prior to any dispute) as evidenced by written documentation of such substitution.

Ferrellgas argues that Hove's claims against both Ferrellgas and Dempsey are subject to arbitration under this provision of the employee agreement. Hove and Dempsey oppose arbitration of Hove's claims.

Under 9 U.S.C. § 4, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms" of an agreement to arbitrate a dispute if "the making of the agreement for arbitration or the failure to comply therewith is not in issue. ." There is a strong federal policy favoring arbitration of disputes, and

**EXHIBIT 17**

this policy requires a "liberal reading of arbitration agreements." *Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n. 27 (1983). However, an arbitration agreement is not enforceable if it significantly impairs an individual's ability to vindicate his or her statutory rights. *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999).

## Enforcement of Arbitration Agreement

Both Hove and Dempsey argue that the Ferrellgas arbitration agreement is unenforceable because it subjects them to unreasonable costs that they would not face if this case were heard in federal court. An arbitration agreement is unenforceable if the agreement's terms improperly limit access to a forum for resolution of the claims at issue. *See, e.g., Shankle*, 163 F.3d at 1235. The Center for Public Resources Rules adopted in the Ferrellgas arbitration agreement provide broad discretion to the arbitrators in allocating the costs of the arbitration, including attorney fees, among the parties. *See Hove's response*, filed December 20, 2002, p. 6. In response to Hove and Dempsey's arguments, Ferrellgas has offered to pay the fees of the arbitrators and the costs of arbitration facilities. *Ferrellgas' reply*, filed January 10, 2003, p. 9. In view of Ferrellgas' agreement to pay the costs of arbitrators and arbitration facilities, those costs do not impose an unacceptable limit on Hove's access to a forum for her Title VII claims.

However, despite Ferrellgas' assurances about costs, I conclude that the terms of the arbitration agreement improperly limit access to a forum for resolution of Hove's Title VII sexual harassment claims. This is so because the agreement does not provide Hove, as a Title VII plaintiff, with incentives and assurances concerning awards of

3

**EXHIBIT 17**

attorney fees similar to those provided by Title VII. "(A) Title VII plaintiff . . . is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." **Fogerty v. Fantasy Inc.**, 510 U.S. 517, 523 (1994) (quotations and citations omitted). Among the tools chosen to vindicate this policy is an award of attorney fees. Under "Title VII a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." **Christiansburg Garment Co. v. EEOC**, 434 U.S. 412, 417 (1978). In contrast, a "prevailing defendant is to be awarded fees only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." **Fogerty**, 510 U.S. at 523 (quotation and citation omitted). For a Title VII plaintiff, such as Hove, the prospect of recovering attorney fees if successful is a significant assurance and incentive when contemplating litigation. Further, the limited circumstances under which attorney fees can be awarded against such a plaintiff also provides significant assurance to a Title VII plaintiff.

The Center for Public Resources Rules adopted in the Ferrellgas arbitration agreement provide a dramatically different approach to awards of attorney fees. Rules 15.2 and 15.3 provide that the arbitrators may apportion the costs of arbitration, including attorney fees, in such a manner as they deem reasonable, considering the circumstances. *Hove response,* filed December 20, 2002, p. 6. In effect, these rules remove much of the incentive and assurances that Title VII plaintiffs have with regard to the substantial risk and benefit of attorney fees awards. This change in the rules concerning attorney fees creates a significant disincentive to pursuing Title VII claims in arbitration, as compared to pursuing such claims in court. I conclude that this disincentive improperly limits Hove's access to a forum for her Title VII claims. Such a

**EXHIBIT 17**

disincentive improperly undermines the remedial and deterrent functions of the federal anti-discrimination laws. **Shanklee**, 163 F.3d at 1235.

Ferrellgas notes that the employee contract contains a savings clause which permits the court to sever any provision of the contract which might render it unenforceable  Under the savings clause, the court conceivably could rule that the attorney fee provisions of the Center for Public Resources Rules are not applicable to an arbitration of Hove's Title VII claims. Such a ruling, however, would not provide the same assurance to Hove that the Title VII law outlined above provides. Rather, such a ruling would remove the available guidance concerning attorney fee awards in arbitration, and thus create greater uncertainty about who might be awarded attorney fees at the conclusion of the arbitration. The savings clause does not permit the court to re-write the attorney fees rules of the arbitration agreement to provide the assurance and incentive provided by Title VII. Thus, under the circumstances presented here, the savings clause does not save the arbitration agreement for the purpose of Hove's Title VII claims.

<u>Arbitration of Claims Against Dempsey</u>

Ferrellgas also argues that Hove's claims against Dempsey, both of which are claims under state law, also are subject to arbitration under the terms of the employee agreement. Dempsey and Hove both argue that they have not agreed to arbitrate disputes between themselves, as individuals. In view of my finding that the arbitration agreement is not enforceable as to Hove's Title VII claims against Ferrellgas, the claims which are the heart of this lawsuit, I find that the agreement also is not enforceable as

**EXHIBIT 17**

to Hove's claims against Dempsey. Those claims are based on the same facts as Hove's Title VII claims and each of these claims are best resolved in one forum.

**THEREFORE IT IS ORDERED** that Ferrellgas' Motion to Compel Arbitration and Stay Proceedings [# 2], filed November 21, 2002, is **DENIED**.

Dated at Denver, Colorado this 26th day of February, 2002.

BY THE COURT:

/s/ Rob Blackburn
Robert E. Blackburn
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF SERVICE

Civil Case No. 02-RB-2186 (MJW)

The undersigned certifies that a copy of the foregoing _Order_ was served on __2-26__, 2003, by:

(X) delivery to:

Magistrate Judge Michael J. Watanabe

William A. Bianco, Esq.
Elizabeth J. McNamee, Esq.
Davis Graham & Stubbs, LLP
**DC Box 3**

  (X) depositing the same in the United States Mail, postage prepaid, addressed to:

Andrea E. Faley, Esq.
Law Offices of Andrea E. Faley, LLC
2036 E. 17th Ave.
Denver, CO 80206

Darold W. Killmer, Esq.
Killmer & Lane, LLP
1543 Champa Street, Ste. 400
Denver, CO 80202

John H. Davis, Esq.
Erin A. Rickerhauser, Esq.
Davis Law Offices, PC
1720 S. Bellaire Street, Ste. 1000
Denver, CO  80222

_Sus Schmitz_
~~Deputy Clerk~~  Secretary

**EXHIBIT 17**