IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00631-RM-MEH

GEORGINA SANTICH,

    Plaintiff,

v.

VCG HOLDING CORP.,
LOWRIE MANAGEMENT, LLLP, and
DENVER RESTAURANT CONCEPTS LP d/b/a PTs Showclub,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Expedited Motion to Stay Proceedings Pending Ruling on Defendants' Motion to Compel Arbitration [filed April 14, 2017; ECF No. 27]. The Honorable Raymond P. Moore referred the Motion to this Court for disposition. ECF No. 38. For the following reasons, the Court denies Defendants' Motion.

## BACKGROUND

Plaintiff initiated this action on March 10, 2017. Compl., ECF No. 1. Plaintiff alleges Defendants violated the Fair Labor Standards Act and the Colorado Minimum Wage Act by failing to pay her a minimum wage and overtime. ECF No. 1. Defendants responded to the Complaint by filing a Motion to Dismiss and Compel Arbitration, which is not yet ripe. ECF No. 20.

On April 14, 2017, Defendants filed the present Motion, seeking a stay of all discovery pending a ruling on their Motion to Compel Arbitration. Defendants argue that it would waste judicial resources to proceed with discovery in this case and the Federal Arbitration Act ("FAA")

requires a stay of merits discovery. Defs.' Mot. to Stay, ECF No. 27. Plaintiff asserts that the five factors courts consider in determining whether to grant a stay do not favor one in this case. Pl.'s Resp. to Defs.' Mot. to Stay 10–20, ECF No. 40. Moreover, Plaintiff contends the FAA does not mandate a stay of discovery while a motion to compel arbitration is pending. *Id.* at 7.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) permits courts, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The decision to stay discovery under Rule 26(c) rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990). However, a stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). "[T]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (internal quotations omitted). Therefore, filing a motion to dismiss does not automatically entitle the defendant to a stay. *See Chavez*, 2007 WL 683973, at *3.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

2

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors does not favor a stay in this case. First, Plaintiff has a substantial interest in proceeding expeditiously with this case. Plaintiff's response to Defendants' Motion to Compel is not due until May 5, 2017, and once the Motion is fully briefed, the parties may wait months before a final ruling is issued. Therefore, "staying the case while [D]efendant[s'] motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences" to Plaintiff. *Chavez*, 2007 WL 683973, *2.

Second, the burden on Defendants from proceeding with discovery is slight. Whether in this forum or in front of an arbitrator, some discovery is likely to occur. Therefore, requiring Defendants to proceed with discovery will not cause them to incur substantially more costs than they would if the Court granted the stay. As the court stated in *Waisanen v. Terracon Consultants, Inc.*:

> Even if the motion is granted and arbitration compelled, there will be a need for the parties to flesh out the facts of the case and to conduct depositions to clarify the knowledge and memory of key witnesses. To the extent the parties intend to engage the services of experts, those costs would continue regardless of the venue.

No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009). Defendants cite *Roadbuilders Machinery Supply Co., Inc. v. Sennebogen, Inc.*, No. 11-2681-KHV-DJW, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012), for the proposition that they could be burdened if the arbitrator permits less discovery than the federal rules allow. Defs.' Mot. 5. Although discovery in arbitration may not be as extensive as federal court, a stay is disfavored in this district, even when a pending motion could resolve of the entire underlying dispute, and thus, eliminate the need for any discovery. *Chavez*, 2007 WL 683973, at *2 (denying a motion to stay discovery pending the court's ruling on a Rule 12(b)(6) motion to dismiss). Accordingly, the Court does not find the burden on Defendants to be so great as to warrant a stay of all discovery.

3

Third, the convenience to the Court is served by allowing discovery to proceed. If discovery were stayed in every case where the defendants believed they have a strong argument for dismissal, a stay would be appropriate in many civil cases, which would "make[] the Court's docket less predictable and less manageable." *Pandaw Am., Inc. v. Pandaw Cruises India Pvt., Ltd.*, No. 10-cv-02593-WJM-KLM, 2012 WL 14255, at *2 (D. Colo. Jan. 4, 2012). Therefore, granting a stay in cases, such as here, where the defendant has not shown extreme circumstances would not serve the convenience to the Court. Finally, the Court perceives minimal effect, if any, on the interests of non-parties or the public. To the extent the public interest favors either side, the Court finds that it favors proceeding with discovery, as the public has an general interest in the fast and expeditious resolution of lawsuits. *See Pandaw Am., Inc.*, 2012 WL 14255, at *2.

Defendants contend the FAA requires a stay of merits discovery pending resolution of the motion to compel arbitration. Defs.' Mot. 3. The Court disagrees. The United States Supreme Court cases Defendants cite support the proposition that courts should not rule on the merits of underlying claims while a motion to stay is pending, not that a stay of discovery is appropriate whenever a defendant files a motion to compel arbitration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Moreover, many of the non-binding cases Defendants cite also deal with issues not identical to those presently before the Court. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (determining whether a party was entitled to a stay in the district court while appealing the denial of a motion to compel arbitration); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (determining whether the district court erred in granting the defendant's motion to compel arbitration and simultaneously denying as moot the plaintiff's request

4

for pre-arbitration discovery). Therefore, the Court does not find Defendants' cases persuasive to its present analysis.

## **CONCLUSION**

In sum, the Court holds that the relevant factors do not favor a stay of discovery in this case. Accordingly, Defendants' Expedited Motion to Stay Proceedings Pending Ruling on Defendants' Motion to Compel Arbitration [filed April 14, 2017; ECF No. 27] is **denied**. The parties shall proceed with the discovery and resolution of this case, which includes preparing a proposed scheduling order in accordance with this Court's March 13, 2017 Order.

Dated at Denver, Colorado, this 25th day of April, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5