IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02242-KLM

FRANKLIN MERRILL,
LORA LEE,
BRENT LEE,
ANTHONY GLOVER,
KEITH HERRING,
ANTHONY DENNIS,
LARRY JURCAK,
SAMI NASR,
JENNIFER THOMAS,
ROBERT THOMAS,
RONALD DENNIS,
JESSE FISHER,
RONALD LACY,
JAMES NEWBERRY,
TAMI POTIRALA,
CRAIG WILLIAMS,
ZIGMUND GUTOWSKI,
JOSEPH HORION,
ERIC ARD,
TIM HOLLINGSWORTH, and
LONNIE FAILS,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, an individual,
TRANSFORCE, INC., a Canadian corporation,
XPO LOGISTICS TRUCKLOAD, INC., and
CON-WAY TRUCKLOAD, INC., a Missouri corporation registered to conduct business in Colorado,

    Defendants.
_____

**ORDER DENYING STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Joint Motion to Stay Discovery** [#65][1] (the "Motion"). Plaintiffs filed a Response [#79] in opposition to the Motion [#65], and Defendants filed a Reply [#84]. The Motion is premised on the pending Motion to Dismiss and Compel Individual Arbitrations [#8] ("Motion to Arbitrate"), filed by Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-way Truckload, Inc. (collectively, the "XPO Defendants"). On the basis of the Motion to Arbitrate [#8], all Defendants seek to stay discovery in this case until the validity of the XPO Defendants' alleged arbitration agreement is established. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion [#65] is **DENIED**.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (denoting a five-part test). The Court considers (1) the interest of Plaintiffs; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiffs oppose a stay and express an interest in proceeding expeditiously with discovery. *See Response* [#79]. This is a reasonable

---

[1] "[#65]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

position, as the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiffs' ability to proceed and may impact their ability to obtain a speedy resolution of her claims.

Second, in contrast, Defendants do not suggest any *undue* burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burdens. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). Although Defendants have filed a Motion to Arbitrate [#8] which, if successful, may justify the imposition of a stay during the pendency of the arbitration, the Motion [#65] is not based on grounds typically warranting the imposition of a stay. More specifically, while courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, cf. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement. *See* 9 U.S.C. § 3 (stay only required by the court "upon being satisfied that the issue involved . . . is referable to arbitration"); *see also Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1370 (Fed. Cir. 2006) (holding that if district court satisfied issue involved is arbitrable, then it must grant stay). The Court takes no position at this time as to the XPO Defendants' likelihood of success on the Motion to Arbitrate [#8].

Moreover, as has been the Court's standing practice when resolving motions on this issue, absent an extraordinary or unique burden imposed by the discovery at issue, the Court finds that, on balance, a consideration of the first two *String Cheese* factors weighs against the imposition of a stay. *Compare Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) (granting rare stay due to existence of class claims and potentially onerous discovery during pendency of motion to compel arbitration which would likely foreclose pursuit of class claims), *with e.g.*, *Lester v. Gene Exp., Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555 (D. Colo. Mar. 2, 2010) (denying stay during pendency of motion to compel arbitration); *Bushman Inv. Props., Ltd. v. DBSI E-470 East LLC*, No. 09-cv-00674-MSK-KLM, 2010 WL 330224 (D. Colo. Jan. 20, 2010) (same); *Orbitcom, Inc. v. Qwest Communs. Corp.*, No. 09-cv-00181-WDM-KLM, 2009 WL 1668547 (D. Colo. June 15, 2009) (same). It is not clear that the circumstances of this case present a compelling reason for deviating from the Court's prior decisions in this area. Further, any future participation in discovery by Defendants may arguably prove useful if the parties are ultimately required to arbitrate this dispute.

Finally, the Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true when the stay is tied to a resolution of a motion for which ultimate success is not guaranteed. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all

litigation. Under these circumstances, the Court finds that a stay of discovery is not warranted.

Accordingly, the Motion [#65] is **DENIED**.

Dated:  March 8, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge